**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Feb 25 2013, 9:44 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**P. JEFFREY SCHLESINGER**
Public Defender
Crown Point, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL GENE WORDEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MARTEL D. CROSS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 45A05-1207-CR-369 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable Salvador Vasquez, Judge
Cause No. 45G01-1101-MR-1

**February 25, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

Martel D. Cross ("Cross") pleaded guilty to Voluntary Manslaughter, as a Class A felony.[1]  He was sentenced to thirty years imprisonment.  Cross now appeals, raising for our review the sole issue of whether the trial court abused its discretion when, in sentencing him, it did not find certain facts to be mitigators.

We affirm.

**Facts and Procedural History**

On December 30, 2010, Cross shot and killed Cory Toddle with a .25-caliber handgun at a gas station in Lake County.

On January 4, 2011, the State charged Cross with Murder, a felony.

On May 11, 2012, Cross and the State entered into a plea agreement, whereby the State agreed to dismiss the charge of Murder, and Cross agreed to plead guilty to Voluntary Manslaughter.  The parties stipulated to the relevant facts and agreed that the parties would argue the length of Cross's sentence before the court, but that in no case would Cross be sentenced to more than thirty-five years imprisonment.  The trial court accepted the plea agreement the same day.

On June 14, 2012, a sentencing hearing was conducted.  At the conclusion of the hearing, the trial court sentenced Cross to thirty years imprisonment.

This appeal ensued.

**Discussion and Decision**

---

[1] Ind. Code § 35-42-1-3.

Cross appeals his sentence, contending that the trial court abused its discretion when it did not find the existence of certain facts as mitigators, and requests that we reverse the sentencing order and remand for resentencing.

"So long as the sentence is within the statutory range, it is subject to review only for abuse of discretion." Anglemyer v. State, 868 N.E.2d 482, 490 (Ind. 2007), clarified on other grounds, 875 N.E.2d 218 (Ind. 2007). This includes the finding of an aggravating circumstance and the omission of finding proffered mitigating circumstances. Id. at 490-91. When imposing a sentence for a felony, the trial court must enter "a sentencing statement that includes a reasonably detailed recitation of its reasons for imposing a particular sentence." Id. at 491. Even where a trial court abuses its discretion in failing to find certain mitigators, however, where that error is harmless because the court would have imposed the same sentence, we will not reverse. Deloney v. State, 938 N.E.2d 724, 733 (Ind. Ct. App. 2010), trans. denied.

Here, Cross was convicted of Voluntary Manslaughter, as a Class A felony. That offense carries a sentencing range of twenty to fifty years imprisonment, with an advisory sentence of thirty years. I.C. § 35-50-2-4. Here, the plea agreement limited the trial court's sentencing discretion to between twenty and thirty-five years imprisonment. Despite finding the existence of several aggravating factors, the trial court sentenced Cross to the statutory advisory term of thirty years imprisonment and found no reason for deviation downward.

Our review of the record does not indicate that the trial court abused its discretion in rejecting Cross's proffered mitigators, nor that, had the trial court taken those factors into

account, it would have reached a different result.

Cross proffered mitigators of his young age, difficult childhood, and expression of remorse. As to the last of these, we observe that the trial court apparently gave some minimal weight to Cross's expression of remorse, saying that it could only hope his remorse was sincere. As to Cross's young age (twenty-three years old at the time of sentencing) and family circumstances, we first note that "'[a]ge is neither a statutory nor a per se mitigating factor.'" Bostick v. State, 804 N.E.2d 218, 225 (Ind. Ct. App. 2004) (quoting Monegan v. State, 756 N.E.2d 499, 504 (Ind. 2001)). The trial court observed that Cross had a substantial criminal history, including parole and probation violations stretching to his late teens. The trial court also observed that Cross determined as a teenager to leave the care of his paternal aunt, who ensured Cross's attendance at school and proper conduct, for care with his less-restrictive maternal grandmother, where Cross and numerous relatives engaged in drug- and gang-related activity. We thus cannot conclude that the trial court abused its discretion when it did not find Cross's proffered mitigators of his young age and difficult childhood.

We therefore affirm the trial court's imposition of a thirty-year sentence.

Affirmed.

VAIDIK, J., and BROWN, J., concur.